1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JOSE MENDOZA-GONZALEZ,

      Petitioner,

vs.

DIRECTOR, NEVADA DEPARTMENT
OF CORRECTIONS, *et al.*,

      Respondents.

_____/

2:15-cv-02483-APG-GWF

**ORDER**

     This action, a petition for writ of habeas corpus by Nevada prisoner Jose Mendoza-Gonzalez, was initiated on December 28, 2015.  Soon after Mendoza-Gonzalez initiated the action, he filed a motion for appointment of counsel (ECF No. 3), and the court denied that motion on March 9, 2016. *See* Order entered March 9, 2016 (ECF No. 5).

     On May 5, 2016, respondents filed a motion to dismiss (ECF No. 8).  Mendoza-Gonzalez is due to respond to that motion by July 7, 2016.  *See* Order entered March 9, 2016 (ECF No. 5).

     On May 24, 2016, Mendoza-Gonzalez filed a notice (ECF No. 11), stating that he cannot respond to the motion to dismiss, primarily because he does not speak English, and requesting appointment of counsel.  On May 31, 2016, respondents filed a response to the notice filed by Mendoza-Gonzalez, opposing his request for appointment of counsel.

     It is now apparent to the court that Mendoza-Gonzalez is unable to litigate this action *pro se*. It appears that the the documents that Mendoza-Gonzalez has so far filed in this action have been

prepared by another prisoner.  "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations."  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam).  The court may, however, appoint counsel at any stage of the proceedings "if the interests of justice so require."  *See* 18 U.S.C. § 3006A; see also, Rule 8(c), Rules Governing Section 2254 Cases; *Chaney*, 801 F.2d at 1196.  The court now determines that appointment of counsel is warranted in this case, in the interests of justice, on account of the petitioner's limited use of the English language.  The court will, therefore, grant Mendoza-Gonzalez's request for appointment of counsel.

**IT IS THEREFORE ORDERED** that the Federal Public Defender for the District of Nevada (FPD) is appointed to represent petitioner.  If the FPD is unable to represent the petitioner, due to a conflict of interest or other reason, then alternate counsel will be appointed.  In either case, counsel will represent the petitioner in all federal-court proceedings relating to this matter, unless allowed to withdraw.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall electronically serve upon the FPD a copy of this order, together with a copy of the petition for writ of habeas corpus.

**IT IS FURTHER ORDERED** that the FPD shall have 20 days from the date of entry of this order to file a notice of appearance, or to indicate to the court its inability to represent the petitioner in this case.

**IT IS FURTHER ORDERED** that the deadline for petitioner to respond to respondents' motion to dismiss is suspended; the court will establish a schedule for further proceedings after counsel appears for the petitioner.

Dated this 16th day of June, 2016.

_____

UNITED STATES DISTRICT JUDGE