**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JOSE MENDOZA-GONZALEZ,

    Petitioner,

vs.

DIRECTOR, NEVADA DEPARTMENT
OF CORRECTIONS, *et al.*,

    Respondents.

2:15-cv-02483-APG-GWF

**ORDER**

    In this habeas corpus action, the petitioner, Jose Mendoza-Gonzalez, filed an amended habeas petition on February 16, 2017 (ECF No. 20).  In support of his amended petition, Mendoza-Gonzalez filed several exhibits (ECF Nos. 21, 23).  Mendoza-Gonzalez filed a motion (ECF No. 22) requesting leave of court to file one of his exhibits, his presentence investigation report, under seal.

    There is a strong presumption in favor of public access to judicial filings and documents. *See Nixon v. Warner Communication, Inc.*, 435 U.S. 589, 597 (1978); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003).  However, the court has inherent power over its own records and files, and access may be denied where the court determines that the documents may be used for "improper purposes."  *Nixon*, 435 U.S. at 598; *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995); *Kamakana*, 447 F.3d at 1179.

1  Under Nevada state law, a presentence investigation report is confidential, and is not to be made part of a public record.  *See* NRS 176.156(5).  In light of that state law, the court finds that there is good cause for the presentence investigation report in this case to be filed under seal.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Leave to File [Exhibit] Under Seal (ECF No. 22) is **GRANTED**.  As the subject exhibit (ECF No. 23) has been filed under seal, no further action is required in this regard.

Dated this 22nd day of February, 2017.

_____
UNITED STATES DISTRICT JUDGE